UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X  For Online Publication Only
JONATHAN NEIRA,

                    Plaintiff,

         -against-                          **MEMORANDUM & ORDER**
                                                 21-CV-06747 (JMA) (LGD)
OFFICE OF THE DISTRICT ATTORNEY,
MADELINE SINGAS, District Attorney; and
MERYL J. BERKOWITZ, Judge;

                    Defendants.
-----------------------------------------------------------------X

**AZRACK, United States District Judge:**

    Pro se plaintiff Jonathan Neira Marquez ("Plaintiff"), presently incarcerated at the Nassau County Correctional Center ("NCCC"), brings this case pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Office of the District Attorney[1] ("DA's Office"), District Attorney Madeline Singas ("DA Singas"), and Judge Meryl J. Berkowitz, Acting Supreme Court Justice, Nassau County ("Judge Berkowitz" and collectively, "Defendants"). (Compl., ECF No. 1.)

    Currently before the Court is Plaintiff's application to proceed in forma pauperis ("IFP"). (See ECF No. 10.) For the following reasons, (1) the Court VACATES (i) the January 27, 2022 Order denying IFP status (ECF No. 13), and (ii) the December 6, 2022 Electronic Order and Judgment dismissing this case (ECF No. 28); (2) Plaintiff's IFP application is GRANTED; and (3) the Complaint is DISMISSED sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

### I. BACKGROUND

Plaintiff is no stranger to this Court. In addition to this action, he has filed several other

---

[1] Plaintiff names only the "Office of the District Attorney," without specifying which District Attorney's office. Based the other allegations in his Complaint, however, the Court presumes that he intended to refer to the Nassau County District Attorney's Office. Therefore, for the purposes of this Order, the Court will refer to the Nassau County District Attorney's Office.

IFP civil rights complaints relating to his underlying state court criminal proceedings, including his arrest and involuntary commitment at Kirby Forensic Psychiatric Hospital.[2]

A.     **The Complaint**

Plaintiff's Complaint is difficult to comprehend.[3] As the Court can best discern, Plaintiff seeks to challenge his April 22, 2021 arrest and subsequent state court proceedings. He alleges that while inside a CVS Pharmacy, he was subjected to an "illegal search and seizure where [he] was assaulted and arrested." After he was taken into custody, Plaintiff and "a male prosecutor . . . had a video camera conference with the D.A. (Madeline Singas)," where "they proceeded to set bail was set without a judge presence." Plaintiff alleges that DA Singas and the male prosecutor "disregarded [his] request" for "a felony exam 180.80 for the record." He was "then transported and admitted to Nassau County Correctional Center without charges present."

On or about May 4, 2021, an attorney retained by Plaintiff's sister to represent him visited him at NCCC and brought a printout of "non-existing charges." Plaintiff alleges that, after informing his attorney that he is "a self-employed branch manager representative operating through [his] NMLS Bank Registry privately under [his] full government identification 'Jonathan

---

[2]     Two of these actions have been dismissed. See Neira v. Nassau Cty. Police Dep't, No. 21-CV-4338 (JMA) (AYS) (dismissed by Order dated Mar. 1, 2022; appeal dismissed May 19, 2022); Marquez v. CVS, No. 21-CV-04771 (JMA) (AYS) (dismissed by Order dated Mar. 1, 2022; appeal dismissed June 7, 2022). One case was transferred to the Southern District of New York. See Marquez v. Kirby Forensic Psychiatric Ctr., No. 22-CV-02116 (JMA) (LGD) (transferred to S.D.N.Y. by Order dated July 5, 2022). In addition to this case, two other cases remain pending as of the date of this Order. See Marquez v. Prieston, No. 22-CV-00416 (JMA) (LGD); Marquez v. Nassau Cty. Corr. Facility, No. 22-CV-01634 (JMA) (LGD).

Separately, Plaintiff has sued the Office of Social Security. That action remains pending as of the date of this Order. See Marquez v. Office of Social Security, No. 22-CV-00949 (JMA) (LGD). A complaint filed against BJ's Wholesale Club, among others, alleging employment discrimination, was dismissed in March 2022. See Marquez v. BJ Wholesale Club, 21-CV-04592 (JMA) (AYS) (dismissed by Order dated Mar. 1, 2022; appeal dismissed July 20, 2022).

[3]     The facts as set forth in this section are taken from the Complaint. All material factual allegations in the Complaint are assumed to be true for the purposes of this Order. See, e.g., Rogers v. City of Troy, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). Unless otherwise noted, all quotations from the Complaint appear without alterations.

William Neira Marquez'," he was brought to a courtroom, where Judge Berkowitz "ordered a 730 exam."[4] He alleges that "two 730 exams [were] giv[en] to me through a video camera on June 2 and July 12." Judge Berkowitz subsequently ordered that Plaintiff be held for "another 30 days, stating she is still looking for a hospital for [him] to be taken care of."

Following a third 730 exam on August 24, 2021, Judge Berkowitz ordered Plaintiff's transfer from NCCC to Kirby Forensic Psychiatric Center ("Kirby") for 90 days, without his personal property. He complains that he has been held at Kirby for more than 90 days, in excess of the time permitted by Judge Berkowitz's temporary order of commitment.

Plaintiff seeks to recover $90 million in damages.

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Plaintiff previously reported having $20,000 in a checking account (ECF No. 10 at 2), and as a result the Court denied his IFP application and directed him to remit the filing fee. (ECF No. 13.) Rather than remit the filing fee, by letter filed April 21, 2022 (ECF No. 24), Plaintiff apprised the Court that, given his incarceration, he does not have access to the funds referenced in his IFP application or noted on his Inmate Personal Property Record. Accordingly, the Court vacates its January 27, 2022 Order denying IFP status, as well as the December 6, 2022 Electronic Order and Judgment dismissing this case pursuant to Federal Rule of Civil Procedure 41(b).

Upon reconsideration of Plaintiff's declaration in support of his IFP application, together with his April 21, 2022 letter, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Plaintiff's IFP application is granted.

---

[4]   The Court understands this to mean a psychiatric examination ordered under N.Y. Crim. Proc. Law § 730.

3

B.  **Legal Standards**

1.  **Standard of Review**

The Prison Litigation Reform Act ("PLRA") requires courts to screen civil complaints brought by incarcerated persons against government entities, officers, or employees. See 28 U.S.C. § 1915A. Under the PLRA, a court must dismiss a plaintiff's complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). The IFP statute, 28 U.S.C. § 1915(e)(2)(B), requires a court to dismiss an action for the same reasons. See Abbas v. Dixon, 480 F.3d 636, 639–40 (2d Cir. 2007) (applying both Sections 1915A and 1915(e)(2) where the plaintiff proceeded in forma pauperis).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)). As a result, the Court must construe the submissions of a pro se plaintiff "liberally, . . . reading such submissions to raise the strongest arguments they suggest." Nunez v. Mitchell, 836 F. App'x 71, 72 (2d Cir. 2021) (quoting McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017)). Pro se complaints "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

However, a pro se plaintiff still must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(citing Twombly, 550 U.S. at 556). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (citing Twombly, 550 U.S. at 556). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

### 2. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "does not confer any substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred[.]" Vill. of Freeport v. Barrella, 814 F.3d 594, 600 n.8 (2d Cir. 2016) (internal quotation marks and citation omitted). "To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." McGugan v. Aldana-Bernier, 752 F.3d 224, 229 (2d Cir. 2014) (citations omitted).

### 3. Immunity

The Eleventh Amendment of the United States Constitution provides that the "[j]udicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. "Although by its terms the Amendment applies only to suits against a State by citizens of another State, the Supreme Court has extended the Amendment's applicability to suits by citizens against their own States, as the ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." T.W. v. New York State Bd. of L. Examiners, 996 F.3d 87, 92 (2d Cir. 2021) (internal quotation marks and citation

5

omitted); see also PennEast Pipeline Co., LLC v. New Jersey, 141 S. Ct. 2244, 2258 (2021) ("States retain their immunity from suit regardless of the citizenship of the plaintiff.") (citation omitted).

**C.    Application to Plaintiff's Section 1983 Claims**

    **1.    Claim Against the District Attorney's Office**

Plaintiff's claim against the Nassau County District Attorney's Office must be dismissed" because "Eleventh Amendment immunity extends to local governments and to a district attorney's office exercising its prosecutorial functions."  Altman v. Nassau County. Dist. Attorney's Off., No. 22-CV-0987, 2022 WL 767654, at *2 (E.D.N.Y. Mar. 14, 2022) ("Defendant Nassau County District Attorney's Office . . . is immune from suit."); see also Baskerville v. Richmond Cty. Fam. Ct., No. 19-CV-00602, 2019 WL 2162595, at *2 (E.D.N.Y. May 16, 2019) ("The plaintiff's claims against the Office of the Richmond County District Attorney concern its prosecution of the plaintiff. . . .  Thus, the plaintiff's claims are barred by the Eleventh Amendment."); White v. Vance, No. 10-CV-6142, 2011 WL 2565476, at *4 (S.D.N.Y. June 21, 2011) ("[B]ecause plaintiff asserts claims for monetary relief, any claims against the [New York County District Attorney's] Office are also barred by the Eleventh Amendment.").  Because Plaintiff's claim against the Nassau County District Attorney's Office relates to its prosecution of Plaintiff and seeks money damages, it is barred by the Eleventh Amendment.  Accordingly, Plaintiff's claim is dismissed pursuant to 28 U.S.C. §§ 1915A(b)(2), 1915(e)(2)(B)(iii).

    **2.    Claim Against DA Singas**

Plaintiff's claim against DA Singas fails, too.  As the Second Circuit has explained, "[t]he doctrine of absolute immunity applies broadly to shield a prosecutor from liability for money damages (but not injunctive relief) in a § 1983 lawsuit, even when the result may be that a wronged plaintiff is left without an immediate remedy."  Anilao v. Spota, 27 F.4th 855, 863 (2d Cir. 2022)

6

(citation omitted). Prosecutors enjoy "absolute immunity from § 1983 liability for those prosecutorial activities intimately associated with the judicial phase of the criminal process." Id. "The immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate." Id. (internal quotation marks and citation omitted). Plaintiff's claim against DA Singas relates to Plaintiff's prosecution and seeks monetary damages, and therefore it must be dismissed. See 28 U.S.C. §§ 1915A(b)(2), 1915(e)(2)(B)(iii).

### 3. Claim Against Judge Berkowitz

Plaintiff's claim against Judge Berkowitz also must be dismissed, as Judge Berkowitz is absolutely immune from suit. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) (citations omitted). This immunity is "from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991) (citation omitted). Here, Plaintiff alleges that Judge Berkowitz presided over a 730 hearing and ordered his confinement, both of which are purely judicial functions. Accordingly, Plaintiff's Section 1983 claim against Judge Berkowitz is barred by absolute judicial immunity, and it must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(1). See Mills v. Fischer, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").[5]

### 4. State Law Claims

Federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

---

[5] Plaintiff's Section 1983 claim against Judge Berkowitz is dismissed for the additional reason that the Eleventh Amendment bars suits for money damages against state actors sued in their official capacities. See, e.g., Hardy-Graham v. Southampton Just. Ct., No. 20-CV-00981, 2021 WL 260102, at *5 (E.D.N.Y. Jan. 25, 2021) (citations omitted).

7

controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3). The Supreme Court has explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the Complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state law claims contained in the Complaint and dismisses any such claims without prejudice.

**D.    Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)) (internal quotation marks omitted). Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)). Nevertheless, "a district court may deny leave to amend when amendment would be futile." Id. (internal quotation marks and citation omitted).

Here, the Court has carefully considered whether Plaintiff should be granted leave to

amend his Complaint. Because the defects in Plaintiff's claims are substantive and could not be cured in an amended pleading, amendment would be futile. Thus, leave to amend is denied.

### III. CONCLUSION

For the reasons stated above, Plaintiff's IFP application is granted. The Court vacates its January 27, 2022 Order denying IFP status, as well as the December 6, 2022 Electronic Order and Judgment dismissing this case pursuant to Federal Rule of Civil Procedure 41(b).

However, the Complaint is sua sponte dismissed, with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court also declines to exercise supplemental jurisdiction over any potential state law claims contained in the Complaint and dismisses any such claims without prejudice. Finally, leave to amend the Complaint is denied.

The Clerk of Court is directed to: (1) enter judgment accordingly; (2) mail a copy of this Order and judgment to Plaintiff at his address of record; and (3) mark this case closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated:    December 7, 2022
         Central Islip, New York                    /s/ (JMA)
                                                    JOAN M. AZRACK
                                                    UNITED STATES DISTRICT JUDGE